**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Deutsch, | No. CV-21-08136-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| American Century Investments, et al., | |
| Defendants. | |

At issue is Plaintiff Robert Deutsch's renewed motion for default judgment. (Doc. 48.) Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Mr. Deutsch is the personal representative of the Estate of Mark Day, Jr. In 1996, Mr. Day designated Mr. Janowitz as the beneficiary of an Individual Retirement Account

("IRA"). Mr. Day died 21 years later, having lost contact with Mr. Janowitz for at least 13 years before his death. Since Mr. Day's death, the IRA assets have remained with the custodian, American Century Investments ("ACI"), because Mr. Janowitz has not made a claim to the IRA, despite receiving letters from ACI in 2018 and 2019 informing him of Mr. Day's passing. Mr. Deutsch brings this action against Mr. Janowitz seeking a declaratory judgment that Mr. Janowitz has disclaimed his interest in the IRA by failing to make a claim to it. (Doc. 30.) Mr. Janowitz failed to appear or respond to the amended complaint, despite being served, resulting in the entry of default against him. (Docs. 41, 42, 44.)

Mr. Deutsch previously moved for entry of a default judgment in the form of a declaration that Mr. Janowitz has disclaimed his interest in the IRA and permitting Mr. Deutsch to invoke a provision of Arizona law to revert the IRA assets to the Estate. (Doc. 46.) In ruling on that motion, the Court found several factors favor entry of default judgment. (Doc. 47.) If default judgment is not granted, Mr. Deutsch "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given Mr. Janowitz's default, there likely are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Mr. Janowitz's default was the result of excusable neglect. The IRA is valued at upward of $150,000, which, though not insignificant, also is not so high as to counsel against default judgment. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted).

The Court struggled, however, with the merits of the claim and the sufficiency of the complaint. Mr. Deutsch seeks a declaratory judgment that Mr. Janowitz has *de facto* disclaimed his interest in the IRA by failing to file a claim for roughly the past 5 years. Mr. Deutsch's original motion cited no law regarding *de facto* disclaimers. Instead, he candidly admitted that although "IRA rules and policies abound on *competing* beneficiary claims,

but there is no ERISA law about what should happen when an IRA beneficiary *never* makes a claim." (Doc. 46 at 8.) What's more, Mr. Deutsch had not provided the Court with the IRA plan documents, and the Court wanted assurances that nothing in those plan documents governs what should happen if a named beneficiary fails to make a claim. The Court therefore denied Mr. Deutch's motion for default judgment without prejudice and permitted him to renew his motion with (1) copies of the relevant plan documents and (2) argument—and, if available, supporting authority—regarding the elements of a *de facto* disclaimer. (Doc. 47.)

Mr. Deutsch has renewed his motion, attaching the relevant plan documents. (Doc. 48.) The Court has reviewed those documents and finds nothing in them that governs what should happen if a named beneficiary fails to make a claim. Rather, the "Beneficiaries" section of the ACI Disclosure Statement and Custodial Agreement contemplates only four scenarios: (1) no beneficiary is named, (2) a named beneficiary makes a claim, (3) a named beneficiary pre-deceases the account owner, or (4) a named beneficiary disclaims his interest. (*Id.* at 49.) On the law front, Mr. Deutsch makes two arguments that the Court finds persuasive. First, Mr. Deutsch analogizes a disclaimer to a waiver, which is "the intentional relinquishment of a known right." *Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan,* 749 F.3d 746, 752 (9th Cir. 2014). A waiver may be found when a "party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). Second, Mr. Deutsch contends that the factual allegations in the complaint—which the Court accepts as true in this posture—reveal acts (or, more accurately, the lack thereof) by Mr. Janowitz that are inconsistent with an intent to enforce a right to the IRA assets. Mr. Janowitz has not made a claim to the IRA, despite receiving letters from ACI in 2018 and 2019 informing him of Mr. Day's passing. Mr. Janowitz received notice of this lawsuit, in which Mr. Deutsch claims that Mr. Janowitz has disclaimed his interest in the IRA, yet he has failed to appear or respond to the amended complaint or the two motions of default judgment. The Court agrees that this conduct is

inconsistent with an intent to enforce a known right to the IRA assets, such that Mr. Janowitz can be deemed to have disclaimed his interest. Accordingly,

**IT IS ORDERED** that Mr. Deutsch's renewed motion for default judgment (Doc. 48) is **GRANTED.** Mr. Janowitz is deemed to have disclaimed his interest in the IRA accounts of Mr. Day. Mr. Deutsch may therefore invoke applicable provisions of Arizona law to permit the IRA assets to revert to the estate. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 17th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge